1  GEORGE S. CARDONA
   Acting United States Attorney
2  SHERI PYM
   Assistant United States Attorney
3  Chief, Riverside Branch Office
   JERRY C. YANG
4  Assistant United States Attorney
   California Bar Number 241323
5  Riverside Branch Office
        3880 Lemon Street, Suite 210
6       Riverside, California 92501
        Telephone: (951) 276-6221
7       Facsimile: (951) 276-6202
        E-mail: jerry.yang@usdoj.gov
8
   Attorneys for UNITED STATES OF AMERICA
9

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-301-GW |
| | ) |
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO |
| | ) CASELAW CITED BY COURT |
| v. | ) |
| | ) Hearing |
| CALVIN COLBERT, | ) Date: December 10, 2009 |
| | ) Time: 2:00 p.m. |
| Defendant. | ) |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Jerry C.

///

Yang, hereby submits the attached Response to Caselaw Cited By Court.

DATED: December 9, 2009

                                      Respectfully submitted,

                                      GEORGE S. CARDONA
                                      Acting United States Attorney

                                      SHERI PYM
                                      Assistant United States Attorney
                                      Chief, Riverside Branch Office

                                       /s/
                                      JERRY C. YANG
                                      Assistant United States Attorney
                                      Attorneys for Plaintiff
                                      United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 11, 2009, agents and officers from the Alcohol Tobacco and Firearms and San Bernardino Police Department (collectively, "agents") executed a search warrant on a motel room in San Bernardino, California. Upon entering the room, they found defendant Calvin Charles Colbert, Jr. counting his money while sitting at a table with a pile of 87.7 grams of crack cocaine in little baggies in front of him. Agents recovered a loaded .22 caliber Ruger semi-automatic firearm from the dresser and 32 rounds of live ammunition near the bed. On October 28, 2009, defendant filed a Motion to Suppress Evidence recovered pursuant to the search warrant based upon, among other things, the statements he made about the gun should be suppressed because he was not <u>Mirandized</u>. On December 7, 2009, the Court held a hearing on defendant's Motion. At this hearing, the Court set a <u>Franks</u> hearing for December 10, 2009 and asked the parties to consider whether <u>Orozco v. Texas</u>, 394 U.S. 324 applied to the instant matter.

Although <u>Orozco</u> still appears to be good law, it does not appear that <u>Orozco</u> applies in the instant case. In <u>Orozco</u>, four officers investigating a murder went to a boardinghouse in the middle of the night and spoke to Orozco about whether he had been to the scene of the crime, whether he owned a pistol, and where the pistol was located. <u>Orozco</u>, 394 U.S. at 325-326. The issue there was whether this interview was sufficiently custodial in nature that Orozco should have been <u>Mirandized</u>. <u>Id</u>. at 326-327.

By contrast, the issue here is not whether defendant's

1

1  statements were made in a custodial setting, but rather, whether
2  the public safety exception to Miranda applies under New York v.
3  Quarles, 467 U.S. 649 and United States v. Reilly, 224 F.3d 986
4  (9th Cir. 2000) (officers believed the suspect may have had
5  access to a weapon potentially concealed in the couch on which he
6  had been seated).  See also, United States v. Brady, 819 F.2d
7  884, 888 (9th Cir. 1987) (officers believed the suspect or
8  someone in the gathering crowd around the suspect's car stopped
9  in a rough neighborhood at dusk could readily access a weapon
10 from the open car doors); Allen v. Roe, 305 F.3d 1046, 1051 (9th
11 Cir. 2002) (officers feared a member of the public could locate
12 the gun that the accused disposed of somewhere between the crime
13 scene and the place they found him); United States v. Martinez,
14 406 F.3d 1160, 1163 (9th Cir. 2005) (officers responding to a
15 domestic disturbance perceived an immediate threat posed by
16 several weapons in plain view in the suspect's living room).
17      Here, the agents entered Room 220 to execute the search
18 warrant.  They were clearly in a drug dealer's room as they had
19 just purchased drugs from defendant and the crack cocaine was in
20 individual baggies in plain view.  Officer Gerald Beall asked
21 defendant whether he had any weapons.  This question, which
22 invited a yes/no response, was aimed at protecting both officers
23 and defendant and not designed to elicit testimonial evidence.
24 See United States v. Carrillo, 16 F.3d 1046, 1050-51 (9th Cir.
25 1994) (noting the non-investigatory nature of an officer's
26 question because' it called for a 'yes' or 'no' answer, not a
27 testimonial response, and because after defendant gave the
28 incriminating response, the officer asked no more questions).

1  Moreover, when defendant answered yes and motioned towards the
2  dresser, rather than immediately asking follow-up questions
3  regarding the gun, Officer Beall clarified the question and asked
4  defendant whether he had any weapons on his person.  Only after
5  defendant responded, "no" did the agents search the dresser and
6  find the gun.  Accordingly, the public safety exception applies,
7  and defendant's statements should not be suppressed.
8  DATED: December 9, 2009

                                    Respectfully submitted,

                                    GEORGE S. CARDONA
                                    Acting United States Attorney

                                    SHERI PYM
                                    Assistant United States Attorney
                                    Chief, Riverside Branch Office


                                     /s/
                                    JERRY C. YANG
                                    Assistant United States Attorney
                                    Attorneys for Plaintiff
                                    United States of America