GEORGE S. CARDONA
Acting United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY C. YANG
Assistant United States Attorney
California Bar Number 241323
Riverside Branch Office
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone: (951) 276-6221
    Facsimile: (951) 276-6202
    E-mail: jerry.yang@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09-301-GW |
| Plaintiff, | GOVERNMENT'S BRIEFING REQUESTED BY COURT RE THE SCOPE OF UNITED STATES V. DAVIS |
| v. | |
| CALVIN COLBERT, | Hearing |
| Defendant. | Date: December 11, 2009<br>Time: 10:30 a.m. |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Jerry C.

///

Yang, hereby submits the attached Briefing Requested By the Court Re the Scope of <u>United States v. Davis</u>, 714 F.2d 896.

DATED: December 10, 2009

                              Respectfully submitted,

                              GEORGE S. CARDONA
                              Acting United States Attorney

                              SHERI PYM
                              Assistant United States Attorney
                              Chief, Riverside Branch Office

                              /s/
                              JERRY C. YANG
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 7, 2009, the Court held a hearing on defendant's Motion to Suppress Evidence recovered pursuant to the search warrant. At this hearing, the Court set a Franks hearing for December 10, 2009 and asked the parties to inform the Court on the scope of United States v. Davis, 714 F.2d 896.

In Davis, Officer Thompson used a previously prepared affidavit from Officer Epstein. United States v. Davis, 714 F.2d at 897. Instead of changing it to reflect that the information was not based on personal knowledge but rather from Officer Epstein, the affidavit was kept in the first person singular. Id. at 898. As such, the affidavit led the judicial officer to believe that all of the informant interviews were conducted by Officer Thompson when in fact, they were conducted by Officer Epstein. Id. at 899. Worse still, Officer Thompson recognized this problem before signing the affidavit, but based upon the advice of the deputy district attorney, went ahead and signed it. Id.

The court held that these portions of the affidavit should be excised. Id. at 900. Without these parts of the affidavit, the "remaining portions of the affidavit were insufficient to support a finding of probable cause. Id. at 901. The warrant was therefore invalid[...]" Id.; see also, id. at 898 ("the challenged portions of the affidavit were necessary to establish probable cause.") It appears from Davis that if parts of an affidavit are excised, the warrant should be suppressed only if the remaining portions do not sustain probable cause. By

contrast, if the remaining portions of the affidavit are sufficient to support a finding of probable cause, the warrant should be upheld.

DATED: December 10, 2009

                              Respectfully submitted,

                              GEORGE S. CARDONA
                              Acting United States Attorney

                              SHERI PYM
                              Assistant United States Attorney
                              Chief, Riverside Branch Office

                                /s/
                              JERRY C. YANG
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              United States of America