1  GEORGE S. CARDONA
   Acting United States Attorney
2  SHERI PYM
   Assistant United States Attorney
3  Chief, Riverside Branch Office
   JERRY C. YANG
4  Assistant United States Attorney
   California Bar Number 241323
5  Riverside Branch Office
        3880 Lemon Street, Suite 210
6       Riverside, California 92501
        Telephone: (951) 276-6221
7       Facsimile: (951) 276-6202
        E-mail: jerry.yang@usdoj.gov
8
   Attorneys for UNITED STATES OF AMERICA
9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,      )  CR No. 09-301-GW
                                   )
13              Plaintiff,         )  GOVERNMENT'S MOTION *IN LIMINE* TO
                                   )  EXCLUDE ANY REFERENCE TO NAMES
14              v.                 )  USED BY OFFICERS TO DESCRIBE TWO
                                   )  FEMALE DRUG RUNNERS
15  CALVIN CHARLES COLBERT,        )
    JR.,                           )  Trial date: December 15, 2009
16   aka "Cal,"                    )  Time: 8:30 a.m.
                                   )
17              Defendant.         )
                                   )
18                                 )
                                   )
19  _____    )

20       Plaintiff United States of America hereby files a motion *in*

21  *limine* to exclude at trial any evidence, questions, and argument

22  of the names used by officers to describe two female drug runners

23  used by defendant Calvin Charles Colbert, Jr.

24  ///

25

26

27

28

1          This motion is based on the attached memorandum of points

2    and authorities, all the files and records of this case, and such

3    other oral and written argument that is permitted by the Court.

4    DATED: December 13, 2009

5                                      Respectfully submitted,

6                                      GEORGE S. CARDONA
                                       Acting United States Attorney
7
                                       CHRISTINE C. EWELL
8                                      Assistant United States Attorney
                                       Chief, Criminal Division
9


10                                     _____/s/_____

11                                     JERRY C. YANG
                                       Assistant United States Attorney
12
                                       Attorneys for Plaintiff
13                                     UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

On March 27, 2009, defendant Calvin Charles Colbert, Jr. was indicted for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii): Possession With Intent to Distribute Cocaine Base in the Form of Crack Cocaine (Count One) and 18 U.S.C. § 924(c)(1): Possession of Firearm in Furtherance of a Drug Trafficking Crime (Count Two).  Defendant used two females as drug runners to collect money from customers and distribute cocaine base in the form of crack cocaine.  Trial is set for December 15, 2009.  At the <u>Franks</u> evidentiary hearing on December 11, 2009, defendant asked Officer Gerald Beall and Officer Ricardo Landeros several questions about how the officers had referred to the female drug runners as "retard," "'tard," and "Behemoth."  As discussed below, this evidence is irrelevant, its probative value is non-existent, its potential for unfair prejudice is great, and its only value would be to encourage jury nullification by eliciting sympathy for the two female drug runners and dislike for the officers.  Accordingly, the government respectfully requests that the Court order that such evidence be precluded under Federal Rules of Evidence 401, 402, and 403.

**II.   ARGUMENT**

     A.    <u>The Court Should Preclude All Evidence, Argument, and References to the Officers' Names for the Drug Runners Under Rules 401 and 402 of the Federal Rules of Evidence</u>

"Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Evidence is relevant only if it has "any tendency to

1

make the existence of an element slightly more [or less] probable than it would be without the evidence." <u>Jackson v. Virginia</u>, 443 U.S. 307, 320 (1979); <u>see also</u> Fed. R. Evid. 401.  In other words, only evidence that is relevant to the elements of the charge against defendant, or to a legal defense, is admissible at trial.  <u>See</u> Fed. R. Evid. 402.  Although a defendant is entitled to confront witnesses and to present a defense, he has no right to present irrelevant evidence.  <u>See</u> <u>Wood v. Alaska</u>, 957 F.2d 1544, 1549 (9th Cir. 1992).  The Court has discretion to determine which issues are relevant to the proceedings.  <u>See</u> <u>id.</u>

The government anticipates that defendant may seek to argue or introduce evidence concerning how the officers had referred to the two female drug runners as "retard," "'tard," and "Behemoth." None of this evidence is relevant to the offenses charged against defendant, namely possession of cocaine base in the form of crack cocaine and possession of a firearm in furtherance of the drug count.

In order for defendant to be found guilty of Count One, the government must prove that:

1) defendant knowingly possessed cocaine base in the form of crack cocaine;

2) defendant possessed it with the intent to deliver it to another person; and

3) defendant knew that it was cocaine base in the form of crack cocaine or some other prohibited drug.  <u>Ninth Circuit Model Jury Instructions</u>, 9.13 (2003 ed.).

In order for defendant to be found guilty of Count Two, the government must prove that:

2

1) defendant committed the crime of possessing cocaine base in the form of crack cocaine with the intent to deliver it to another person, as charged in count one of the indictment;

2) defendant knowingly possessed a firearm; and

3) defendant possessed the firearm in furtherance of the crime.  Ninth Circuit Model Jury Instructions, 8.65 (2003 ed.).

Here, the officers' poorly-chosen words to describe the two female drug runners are irrelevant to determining whether the government has proven the crime charged in the indictment.  Such evidence has no tendency to make the existence of an element any more or less probable than it would be without the evidence. This is especially true here because these names do not even refer to the defendant.  Rather, they refer to the two female drug runners.  The only purpose such evidence would serve is to encourage the jury to dislike the officers and engage in jury nullification.  Therefore, pursuant Rules 401 and 402, any argument or evidence related to such names should be precluded.

B.   Evidence of References to the Officers' Names for the Drug Runners Should Be Excluded Because They Are More Prejudicial than Probative

Not only is evidence of the officers' inflammatory names not probative of the issues at hand, it is also prejudicial under Rule 403 of the Federal Rules of Evidence.  Rule 403 permits the Court to exclude evidence because of prejudicial dangers or considerations.  United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000).  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of

unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, waste of time, or
needless presentation of cumulative evidence." Fed. R. Evid.
403. Unfair prejudice under Rule 403 means danger of "undue
tendency to suggest decision on an improper basis, commonly
though not necessarily, an emotional one." United States v.
Hankey, 203 F.3d 1160, 1172-72 (9th Cir. 2000) (quotations
omitted); see also United States v. Yazzie, 59 F.3d 807, 811 (9th
Cir. 1995) ("Evidence is unfairly prejudicial if it makes a
conviction more likely because it provokes an emotional response
in the jury or otherwise tends to affect adversely the jury's
attitude toward the defendant *wholly apart from its judgment as
to his guilt or innocence of the crime charged*." (quotations
omitted; emphasis in original).

   Here, the evidence of the officer's inflammatory names for
the two female drug runners would unfairly prejudice the
government, confuse the issues, consume unnecessary time, and
invite jury nullification. Evidence of the officers' use of the
words, "retard," "'tard," and "Behemoth" are inflammatory. As
the jurors will likely be instructed, they are "to find the facts
from all the evidence in the case" and not "be influenced by any
personal likes or dislikes, opinions, prejudices, or sympathy."
Ninth Circuit Model Jury Instruction No. 3.1 (Duties of Jury To
Find Facts and Follow Law). If defendant is allowed to present
such evidence, there is a high risk of the jury's deciding this
case based on emotion rather than on defendant's guilt or
innocence. There also is the risk that the jury would be
distracted from the central issue in the case, that is, whether

4

defendant is guilty of the charges, and focus instead on the officers' choice of words to describe third parties.  Such evidence should be excluded to avoid such confusion of the issues.  See United States v. Sarno, 73 F.3d 1470, 1488-89 (9th Cir. 1995) (exclusion of evidence relating to proof of fact that was not element of charge not abuse of discretion where such evidence "might well have (as the district court here concluded) induced confusion in the minds of the jury and distracted them from the true issue [of the charge]").

In addition, defendants are also not entitled to introduce otherwise irrelevant evidence in the hopes of encouraging jury nullification.  See United States v. Powell, 955 F.2d 1206, 1212-13 (9th Cir. 1992) (defense is not entitled to a jury nullification instruction); see also United States v. Bruce, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification . . . is to be viewed as an 'aberration under our system.'"); United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification"); United States v. Trujillo, 714 F.2d 102, 106 (11th Cir. 1983) ("[N]either the court nor counsel should encourage jurors to violate their oath [to follow the law].  We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument.") (listing cases).  Having no right to seek jury nullification, defendant has no right to present evidence relevant only to such a defense.  Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring).

**V. CONCLUSION**

     For all the foregoing reasons, the Court should grant the government's motion <u>in limine</u> and exclude all evidence, questions and argument regarding the officer's inflammatory names for the two female drug runners.

DATED: December 13, 2009

                               Respectfully submitted,
                               GEORGE S. CARDONA
                               Acting United States Attorney

                               CHRISTINE C. EWELL
                               Assistant United States Attorney
                               Chief, Criminal Division


                                      /s/
                               JERRY C. YANG
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA