GEORGE S. CARDONA
Acting United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY C. YANG
Assistant United States Attorney
California Bar Number 241323
Riverside Branch Office
     3880 Lemon Street, Suite 210
     Riverside, California 92501
     Telephone: (951) 276-6221
     Facsimile: (951) 276-6202
     E-mail: jerry.yang@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-301-GW |
|---|---|
| Plaintiff, | ) GOVERNMENT'S SUPPLEMENTAL OPPOSITION RE DEFENDANT CALVIN COLBERT'S STANDING |
| v. | ) |
| CALVIN COLBERT, | ) Hearing |
| Defendant. | ) Date: March 2, 2010<br>) Time: 9:00 a.m. |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Jerry C.

///

Yang, hereby submits the response regarding defendant Calvin Colbert's standing to bring the motion to suppress.

This response is based upon the attached memorandum of points and authorities, the files and records of this case, and any additional evidence or argument the Court may wish to consider.

DATED: February 17, 2010

Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office


    /s/
JERRY C. YANG
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 11, 2009, agents and officers from the Alcohol Tobacco and Firearms and San Bernardino Police Department (collectively, "agents") executed a search warrant on a motel room in San Bernardino, California. Upon entering Room 220, they found defendant Calvin Colbert in the process of counting his money while sitting at a table with 21.31 grams of crack cocaine in little baggies in front of him. After defendant was arrested, agents obtained the registration slip from the motel's front desk. Although the registration slip for Room 217 was registered to defendant, the registration slip for the room at issue, Room 220, was issued to "Jamine Marshall." See Exhibit A. Defendant failed to submit any declarations in support of his motion to suppress. As such, he failed to establish any reasonable expectation of privacy in Room 220 and lacks standing to raise the motion to suppress.

## II. ARGUMENT

### A. Defendant Has Failed To Establish Standing

In order to establish Fourth Amendment standing, defendants must demonstrate that they have a "legitimate expectation of privacy" in the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Sarkisian, 197 F.3d 966, 986 (9th Cir. 1999). A "privacy interest in the place or thing searched is always required in order for a defendant to challenge the search." United States v. Paopao, 469 F.3d 760, 765 (9th Cir. 2006). A reasonable expectation of privacy exists when (1) the individual has sought to preserve something as private, and (2)

the person's expectation of privacy is one that society is prepared to recognize as reasonable. Bond v. United States, 529 U.S. 334 (2000). Whether a person has a reasonable expectation of privacy turns on the facts of each case. Rakas, 439 U.S. at 146-148.

To establish standing in a motel room, a defendant "must establish that he had a possessory interest in the hotel room sufficient to support a reasonable expectation of privacy." United States v. Haddad, 558 F.2d 968, 975 (9th Cir. 1977) Moreover, a "guest in a motel has no reasonable expectation of privacy in a room after the rental period has expired." United States v. Huffhines, 967 F.2d 314, 318 (9th Cir. 1992). Although a "guest who stays overnight and keeps personal belongings in the residence of another might have a reasonable expectation of privacy, mere presence in the hotel room of another is not enough." United States v. Grandstaff, 813 F.2d 1353, 1357 (9th Cir. 1987) (citations omitted).

In Paopao, the Ninth Circuit held that defendant Paopao "cannot challenge the protective sweep" because he had no possessory interest and therefore no expectation of privacy in a room used solely for criminal purposes. Paopao, 469 F.3d at 765. Moreover, Paopao could not bootstrap the possessory rights of another party to establish an expectation of privacy. Id. "Fourth Amendment rights 'are personal in nature, and cannot bestow vicarious protection on those who do not have a reasonable expectation of privacy in the place to be searched.'" Steagald v. United States, 451 U.S. 204, 219 (1981). This means that "[a] person who is aggrieved by an illegal search and seizure only

2

through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Rakas v. Illinois, 439 U.S. 128 (1978).

Local Criminal Rule 12-1.1 states as follows: "A motion to suppress shall be supported by a declaration on behalf of the defendant, setting forth all facts then known upon which it is contended the motion should be granted. The declaration shall contain only such facts as would be admissible in evidence and shall show affirmatively that the declarant is competent to testify to the matters stated therein." Local Crim. Rule 12-1.1.

Defendant here has failed to establish **any** reasonable expectation of privacy in Room 220. Room 220 was not registered to defendant. See Exhibit A. Defendant did not support his motion to suppress with any declarations. As such, it is unclear whether he was a guest in Room 220, and if so, an overnight guest who kept personal belongings in Room 220. If he was not an overnight guest, he cannot bootstrap onto the privacy rights of the registered occupant of Room 220, Jamine Marshall. Moreover, it appeared that Room 220 was used only for the purposes of selling crack cocaine and thus has a diminished reasonable expectation of privacy under Paopao. As such, defendant does not have a reasonable expectation of privacy in Room 220.

III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny defendant's motion to suppress.

3

# Exhibit A

DARY SEAM MONTOYA
A37N3591

**REGISTRATION**

IN                                                                 OUT
**NO REFUNDS**
**ADVANCE PAYMENT REQUESTED**

NOTICE TO GUESTS: Dub 3-19-08
This property is privately owned and the management reserves the right to refuse service to anyone, and will not be responsible for accidents or injury to guests or for the loss of money, jewelry or valuables of any kind. By signing this contract, I abide to the rules set by management to not to coduct any illegal or unlawful activities on premises. Also declare that the accompanied guest is my Spouse or Boyfriend/Girlfriend or as stated.

NAME: Jamine N. Aesher
STREET: 7012 Victoria Ave. #C
CITY: Highland   STATE: CA   ZIP: 92746
CAR LICENSE: V3620937   STATE:   ZIP:
DRIVERS LICENSE:   STATE:   ZIP:
MAKE OF CAR:   NUMBER OF PERSONS: 2
SIGNATURE:

ROOM NO. 220
RATE:
DATE IN: 3-10-09
DATE OUT:

| | | | | |
|---|---|---|---|---|
| SUN | | | | |
| MON | | | | |
| TUE | | | | |
| WED | | | | |
| THUR | | | | |
| FRI | | | | |
| SAT | | | | |

Rate $
Tax
TOTAL DAYS   Total

NAME: JAMINE DESHAWN MAGANA
ROOM:

AMTEX, CA 1-800-650-3360

---

CHARLES CUBERT
125

**REGISTRATION**

IN                                                                 OUT
**NO REFUNDS**
**ADVANCE PAYMENT REQUESTED**

NOTICE TO GUESTS: Dec 12.8.54
This property is privately owned and the management reserves the right to refuse service to anyone, and will not be responsible for accidents or injury to guests or for the loss of money, jewelry or valuables of any kind. By signing this contract, I abide to the rules set by management to not to coduct any illegal or unlawful activities on premises. Also declare that the accompanied guest is my Spouse or Boyfriend/Girlfriend or as stated.

NAME: Calvin Cubert JR
STREET: 1155 E Adams Blvd
CITY: Los Angeles   STATE: CA   ZIP: 90011
CAR LICENSE:   STATE:   ZIP:
DRIVERS LICENSE: D9778543   STATE: CA   ZIP:
MAKE OF CAR:   NUMBER OF PERSONS: 1
SIGNATURE:

ROOM NO. 217
RATE:
DATE IN: 3-9-09
DATE OUT:

| | | | | |
|---|---|---|---|---|
| SUN | | | | |
| MON | | | | |
| TUE | | | | |
| WED | | | | |
| THUR | | | | |
| FRI | | | | |
| SAT | | | | |

Rate $
Tax
TOTAL DAYS   Total

NAME: CALVIN CHARLES CUBERT
ROOM:

AMTEX, CA 1-800-650-3360

GOVT00014