# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. CR 09-301-GW | Date April 12, 2010 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

Interpreter None

| Javier Gonzalez | Wil Wilcox | Jerry Yang |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Calvin Charles Colbert, Jr. | ✔ | ✔ | | Larry M. Bakman | ✔ | ✔ | |

Proceedings: **DEFENDANT'S MOTION TO REQUIRE PRODUCTION OF LAW ENFORCEMENT PERSONNEL FILES; COMPLAINT RECORDS AND INVESTIGATION RECORDS (filed 03/19/10)**

Hearing is held. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant's Motion to Require Production of Law Enforcement Personnel Files; Complaint Records and Investigation Records is **denied.**

The Defendant's Motion to Suppress Evidence, filed on October 28, 2009 will remain on calendar for May 17, 2010 at 11:00 a.m. The Pretrial Conference set for May 10, 2010 is **taken off calendar.**

Oral time waiver re excludable time is placed on the record. A stipulation and proposed order as to excludable time and dates will be filed forthwith.

: 10

Initials of Deputy Clerk JG

cc:

<u>**United States v. Colbert**</u>, Case No. CR-09-0301
Tentative Ruling on Motion to Require Production of Law Enforcement Personnel Files; Complaint Records and Investigation Records and Court's Inquiry as to Motion to Suppress Evidence

**Motion To Produce**

Defendant seeks production of 11 categories of evidence, including any documents in the personnel files of any of the investigating officers that the Government either already has called or will call in this case. *But see* Defendant's Memorandum of Points and Authorities in support of Motion 1 at 12:11-14 (appearing to limit this broad request to the specific material mentioned in the following sentence). Beyond that broad request, most of the information called for relates, generally speaking, to any complaints against any of the officers "alleging any acts demonstrating racial or ethnic prejudice, illegal or false arrest, improper tactics, dishonesty, false imprisonment, false police reports and illegal search and seizure" and any people contacted or information learned during the investigation into any such complaints and any disciplinary action commenced or taken as a result thereof. This also includes any test records, reports, or statements of psychiatrists, psychologists or fellow officers which pertain to the officers in question "and their engaging in or propensity to engage in" such conduct. In addition, in the last requested category, Defendant seeks any statements by any of the officers in question "to investigators in internal affairs regarding the events that form the basis of the criminal charges in this case."

The Government asserts that reviews of the personnel files in question have already occurred and that no material falling within *Henthorn/Brady* was found. *See* Declaration of Jerry C. Yang ¶¶ 2-3.[1] The Government also asserts, however, that it has possession of summaries of internal affairs investigations of citizen complaints of three of the officers involved in this case, but that its possession is pursuant to a protective order limiting the use of those summaries to another matter. *See id.* ¶¶ 5-6 & Exh. B. It

---

[1] There are at least three officers mentioned in Defendant's motion as to whom the Government <u>does not</u> indicate a *Henthorn/Brady* review has occurred – San Bernadino County Sheriff Officers Taack, Everett and Roebuck. As to those officers, the Government presumably takes the position that it is not under any obligation to conduct such a review, pursuant to *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992), because it is not in possession of such material. *See* Declaration of Jerry C. Yang ¶ 6.

1

therefore argues that Defendant should subpoena the San Bernardino Sherriff's Department because that entity will not produce such material without a court order. *See id.* ¶ 5. Protective orders in criminal cases are permitted by virtue of Federal Rule of Criminal Procedure 16(d)(1), which at least suggests that the Government's *Henthorn/Brady* obligations in other cases can be limited by such an order. Given the fact that Defendant has not presented any authority suggesting the Government's *Henthorn/Brady* obligations may not be limited in such a way, the Court would agree with the Government that Defendant must obtain the material in the Government's possession by way of a subpoena to the San Bernardino Sherriff's Department.

Beyond that, the Government argues that Defendant's motion should be denied because it does not have possession of any other personnel file material requested. *See United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992). Indeed, under that authority, the Government is under no obligation to review or produce material in personnel files of state law enforcement witnesses which are not in its possession, custody or control. *See id.* at 565-66. All of the material Defendant requests, with the exception of the material the Government possesses pursuant to the protective order at issue, would appear to fall outside of the Government's possession, custody or control. The motion, therefore, would be denied in full.

## Motion To Suppress

On February 18, 2010, the Government also filed a supplemental opposition to Defendant's earlier motion to suppress. In this brief, the Government for the first time directly challenged Defendant's standing to object to the search of Room 220 at the motel. The Government takes this position because, though Defendant was found therein, he was not the registered occupant of that motel room and he submitted no supporting declaration or other evidence explaining the nature of his connection to the room. The Government therefore argued that he could not have the requisite Fourth Amendment standing in light of such cases as *United States v. Haddad*, 558 F.2d 968, 975 (9th Cir. 1977), *United States v. Huffhines*, 967 F.2d 314, 318 (9th Cir. 1992), *United States v. Grandstaff*, 813 F.2d 1353, 1357 (9th Cir. 1987), and *United States v. Paopao*, 469 F.3d 760, 765 (9th Cir. 2006). It does not appear that Defendant has responded in

2

any fashion to this supplemental opposition, either by way of supplemental briefing or an evidentiary submission explaining his connection to Room 220.

On April 8, 2010, the parties filed a stipulation to continue the hearing date on the Motion to Suppress to May 17, 2010. The Court would inquire of defense counsel whether he intends or wishes to respond to the Government's argument concerning standing.