1  ANDRÉ BIROTTE JR.
   United States Attorney
2  SHERI PYM
   Assistant United States Attorney
3  Chief, Riverside Branch Office
   JERRY C. YANG
4  Assistant United States Attorney
   California Bar Number 241323
5  Riverside Branch Office
        3880 Lemon Street, Suite 210
6       Riverside, California 92501
        Telephone: (951) 276-6221
7       Facsimile: (951) 276-6202
        E-mail: jerry.yang@usdoj.gov
8
   Attorneys for UNITED STATES OF AMERICA
9

10
                   UNITED STATES DISTRICT COURT
11
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
13 | UNITED STATES OF AMERICA,    ) CR No. 09-301-GW
   |                              )
14 |         Plaintiff,            ) GOVERNMENT'S RESPONSE TO
   |                              ) DEFENDANT CALVIN COLBERT'S
15 |     v.                        ) SUPPLEMENTAL BRIEF RE STANDING
   |                              )
16 | CALVIN COLBERT,               ) Hearing
   |                              ) Date: September 9, 2010
17 |         Defendant.            ) Time: 11:00 a.m.
   |                              )
18 |                              )
   |                              )
19 |                              )
   |                              )
20 |_____)

21      Plaintiff United States of America, by and through its
22 attorney of record, Assistant United States Attorney Jerry C.
23 ///
24
25
26
27
28

1  Yang, hereby submits its response to defendant Calvin Colbert's
2  supplemental brief re standing to bring the motion to suppress.
3       This response is based upon the attached memorandum of
4  points and authorities, the files and records of this case, and
5  any additional evidence or argument the Court may wish to
6  consider.
7  DATED: September 1, 2010
                                      Respectfully submitted,

                                      ANDRÉ BIROTTE JR.
                                      United States Attorney

                                      SHERI PYM
                                      Assistant United States Attorney
                                      Chief, Riverside Branch Office


                                       /s/
                                      JERRY C. YANG
                                      Assistant United States Attorney
                                      Attorneys for Plaintiff
                                      United States of America

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

On October 27, 2009, defendant filed a motion to suppress evidence ("motion") obtained from a motel room he was in. The motel room was registered to another name, "Jamine Marshall." Defendant failed to attach any declarations that supported his standing to move to suppress the evidence. On February 18, 2010, the government filed a supplemental opposition raising defendant's failure to support his motion with any declarations establishing his standing to raise the motion.

At a hearing on April 12, 2010 and in the order denying defendant's discovery motion, dated April 12, 2010, the Court specifically inquired whether defendant planned to address this standing issue. Specifically, the Court noted that "[i]t does not appear that Defendant has responded in any fashion to this supplemental opposition, either by way of supplemental briefing or an evidentiary submission explaining his connection to Room 220." Order, dated April 12, 2010. Defendant responded that he intended to file a response concerning this issue.

On August 20, 2010, defendant filed a response regarding the standing issue. This response, however, <u>failed yet again</u> to include a declaration from defendant to establish his expectation of privacy.

The Central District's Local Criminal Rules specifically provide:

> A motion to suppress <u>shall be supported by a declaration on behalf of the defendant</u>, setting forth <u>all facts then known upon which it is contended the motion should be granted</u>. The declaration shall contain only such facts as would be admissible in evidence and shall show affirmatively that the declarant is competent to testify to the matters stated

1

therein.

Local Cr. R. 12-1.1 (emphasis added).  Moreover, a defendant is entitled to an evidentiary hearing on a motion to suppress "only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." United States v. Clarion, 463 F.2d 704, 706 (9th Cir. 1972); see also United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000) (To warrant an evidentiary hearing, a movant must "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); United States v. Baptiste, 868 F.2d 1089, 1092 & n.5 (9th Cir. 1989) (holding a trial court may deny a motion to suppress without hearing if the defendant fails to support motion with specific facts).

In the present case, defendant did not file a declaration in support of the motion and therefore is in violation of Local Criminal Rule 12-1.1.  The allegations in the motion, without more, are merely unsupported factual allegations by an attorney and do not provide a basis for the requested drastic relief of exclusion of evidence.  Defendant's motion should be denied based on this procedural deficiency alone.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)("Failure to follow a district court's local rules is a proper ground for dismissal.")