ANDRÉ BIROTTE JR.
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY C. YANG
Assistant United States Attorney
California Bar Number 241323
Riverside Branch Office
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone: (951) 276-6221
    Facsimile: (951) 276-6202
    E-mail: jerry.yang@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-301-GW |
| Plaintiff, | ) <u>GOVERNMENT'S MOTION IN LIMINE</u> <u>TO PRECLUDE DEFENDANT CALVIN</u> |
| v. | ) <u>CHARLES COLBERT FROM CALLING</u> <u>SAN BERNARDINO POLICE OFFICER</u> |
| CALVIN CHARLES COLBERT, JR., | ) <u>GERALD BEALL FOR THE PURPOSE OF</u> <u>IMPEACHING HIM; MEMORANDUM OF</u> |
| Defendant. | ) <u>POINTS AND AUTHORITIES</u> |
| | ) Trial Date: October 12, 2010 |
| | ) Trial Time: 9:00 a.m. |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Jerry C. Yang, hereby submits the attached Government's Motion in Limine to Preclude Defendant Calvin Charles Colbert, Jr. from Calling

///

San Bernardino Officer Gerald Beall For the Purpose of Impeaching Him.

DATED: October 1, 2010          Respectfully submitted,

                                ANDRÉ BIROTTE JR.
                                United States Attorney

                                SHERI PYM
                                Assistant United States Attorney
                                Chief, Riverside Branch Office


                                 /s/
                                JERRY C. YANG
                                Assistant United States Attorney
                                Attorneys for Plaintiff
                                United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government does not intend to call San Bernardino Police Department ("SBPD") Officer Gerald Beall to testify in its case-in-chief. As the three-day suppression hearing has established, undercover Officer Anthony White purchased cocaine base in the form of crack cocaine from defendant via the use of the two female drug runners. Officer Ricardo Landeros surveilled the transaction from across the street. The transaction was recorded because Officer White wore a video recording device. Officer Beall, by contrast, was in the vicinity of the Greyhound bus station across the street on the other side of the Economy Inn during the entire transaction.

After the officers obtained the search warrant, SBPD officers Roebuck, Taack, Everett, Beall, and Bureau of Alcohol Tobacco and Firearms special agents Amy Michalik and Angie Kaighin executed the search warrant on Room 220 and found defendant sitting in the room in the middle of counting his money with small piles of cocaine base in the form of crack cocaine on the table in front of him. Defendant was ordered to the ground and asked if he had any weapons or object that could hurt the officers. Defendant responded yes and indicated that it was in the dresser. Officers recovered a loaded .22 caliber Ruger semi-automatic handgun in the dresser.

The government <u>does not</u> intend on calling Officer Beall to testify. Officer Beall cannot provide any relevant testimony in support of defendant's defense. He was across the street during the undercover purchase. Moreover, the transaction was video-

1

recorded and defendant can use that recording. Moreover, Officer Beall would be expected to testify consistently with his report. As such, his testimony would not be helpful to the defense. The only purpose defendant would call him to testify would be to impeach him. Accordingly, the government requests that the Court preclude defendant from calling Officer Beall for the purpose of impeaching him.

Federal Rule of Evidence 607 provides that "the credibility of a witness may be attacked by any party, including the party calling the witness." However, a party may not call a witness in its case-in-chief as a pretext for impeaching that witness's credibility and thus present the jury with evidence that would be inadmissible but for the impeachment. See United States v. Johnson, 802 F.2d 1459, 1466 (D.C. Cir. 1986) ("Impeachment evidence is to be used solely for the purpose of impeachment, and it may not be employed as a mere subterfuge to get before the jury evidence not otherwise admissible.") (internal quotation marks omitted); see also United States v. Gomez-Gallardo, 915 F.2d 553, 555 (9th Cir. 1990) (holding that the government improperly called a witness "for the primary purpose of impeaching him"); United States v. Gilbert, 57 F.3d 709, 711 (9th Cir. 1995).

This exception to Rule 607, while most frequently raised by defendants to challenge impeachment by the government, authorizes this Court to preclude the defense from impeaching its own witnesses. See, e.g., United States v. Libby, 475 F. Supp. 2d 73, 80-84 (D.D.C. 2007) (barring the defense from impeaching its witness with hearsay statements); see also United States v.

Lattin, 108 F.3d 1374 (4th Cir. 1997) (unpublished disposition) (affirming district court order prohibiting defense from calling a witness on the ground that, "[w]hile a party may impeach its own witness, the district court did not abuse its discretion here because the Government did not call [the witness] to testify");[1] cf. United States v. Buffalo, 358 F.3d 519, 522-27 (8th Cir. 2004) (holding that Federal Rule of Evidence 403 governs whether defense may call a witness for the primary purpose of impeachment); Beasley v. United States, 218 F.2d 366, 408 (D.C. Cir. 1955) ("The defense may not call a witness who has not testified merely to attempt to discredit him in the course of eliciting adverse testimony . . . .").

Moreover, even were there some reasonable basis for concluding that defendant's primary purpose in calling Officer Beall is not merely to impeach him, any impeachment of Officer Beall is impermissible under Federal Rule of Evidence 403. Under that rule,

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

By calling Officer Beall to the stand and then impeaching him, defendant would create a mini-trial on Officer Beall's

---

[1] Ninth Circuit Rule 36-3 does not bar this Court from citing to the unpublished decisions of other circuit courts as persuasive authority. See Alvarenga-Villalobos v. Reno, 133 F. Supp. 2d 1164, 1167-68 (N.D. Cal. 2000).

credibility, even though the government will not have relied on his testimony to establish defendant's guilt.  Calling Officer Beall therefore would create a risk of confusion to the jurors and an even greater waste of time, and it would result in unfair prejudice by inviting the jury to question the testimony of other government witnesses with evidence that is irrelevant to their credibility.  Those considerations substantially outweigh what relevant probative value Officer Beall's testimony conceivably might offer the defense.

    Lastly, the government notes that, even if Officer Beall's testimony is somehow relevant to the defense, defendant may not use extrinsic evidence to impeach his credibility.  See WEINSTEIN'S FEDERAL EVIDENCE § 607.02[1] (noting that "[i]mpeachment of one's own witness . . . must yield to the principle that extrinsic evidence may not be used to impeach a witness on collateral matters").

    For the foregoing reasons, the government respectfully requests that the Court prohibit the defense from calling Officer Beall during his case-in-chief or, in the alternative, from impeaching Officer Beall with otherwise inadmissible evidence.

DATED: October 1, 2010        Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office

  /s/
JERRY C. YANG
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

4