ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY C. YANG/JENNIFER L. WILLIAMS
Assistant United States Attorneys
California Bar Number 241323/268782
    3880 Lemon Street / 312 North Spring Street
    Riverside, California 92501 / Los Angeles, California 90012
    Telephone:  (951) 276-6221 / (213) 894-5862
    Facsimile:  (951) 276-6202 / (213) 894-0142
    E-mail: jerry.yang@usdoj.gov / jennifer.williams6@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-301-GW |
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING RE: FRANKS HEARING |
| v. | ) |
| CALVIN CHARLES COLBERT, JR., aka "Cal," | ) Hearing Date: November 4, 2010<br>) Hearing Time: 1:30 p.m. |
| Defendant. | ) |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits its Response to Defendant

///

Calvin Charles Colbert, Jr.'s Supplemental Briefing Re <u>Franks</u> Hearing.

Dated: November 2, 2010

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office

               /s/
_____
JERRY C. YANG
JENNIFER L. WILLIAMS
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

## I. INTRODUCTION

On October 26, 2010, the Court held a <u>Franks</u> hearing regarding the proper attribution of observations set forth in the affidavit of San Bernardino Police Officer Gerald Beall in support of a state search warrant in this matter. During argument on October 26, 2010, the Court requested that defendant Calvin Charles Colbert, Jr. submit the facts he alleged to be inconsistent in writing by 5:00 p.m. on October 31, 2010. The Court ordered the government to respond to defendant's filing by noon, November 2, 2010. On November 1, 2010, defendant submitted his list of alleged inconsistencies. Defendant's list, however, merely attempts to inject confusion into the hearing. The material portions of Officer Gerald Beall affidavit in support of the search warrant and his testimony and declaration in support of the government's opposition to the motion to suppress, are completely corroborated by both the undercover surveillance video and the Channel 7 police radio recordings. The government addresses each of defendant's arguments as follows:

**<u>Defendant's Argument No. 1</u>**

The Court previously considered this exact issue during the December 11, 2009 hearing and reasoned,

> THE COURT: Well, let me just put it this way, I've indicated that for my purposes for this hearing it is not relevant because it is not a situation where the probable cause is being based upon the reliability of the informant. The informant could have, for all intents and purposes, could have been just somebody off

1           the street.
2 RT 12/11/2009: 50.
3 **Defendant's Argument No. 2**
4     Officer Beall's observation on March 10, 2009 and Officer
5 Landeros' observation on March 11, 2009 are not mutually
6 exclusive events.  There is no inconsistency.  Officer Beall
7 never testified that he remained at the Greyhound Bus Station the
8 entire time on March 10, 2009. Instead, he was specifically asked
9 by the Court, "upon arriving at the Economy Inn, where did you
10 park?" and responded that when he arrived at the Economy Inn on
11 March 10, 2010, he <u>first</u> parked at the Greyhound Bus Station.  RT
12 12/11/2009: 8.  He was later on the "the northeast side of the
13 Economy Inn," and had a similar vantage point as Officer Landeros
14 on March 11, 2009.  Beall Decl., ¶ 5.  From that vantage point,
15 Officer Beall personally saw defendant "engage in suspicious
16 activity that based on [his] training and experience, appeared to
17 be consistent with hand to hand narcotics transactions."  <u>Id.</u>
18 Specifically he saw, "defendant and a black female go into Room
19 217 and later into Room 220."  <u>Id.</u>  Officer Beall and the
20 officers attempted unsuccessfully to purchase narcotics.  <u>Id.</u>
21      The next day, Officer Beall and others returned to try
22 again.  Beall Decl., ¶ 6.  On that day, March 11, 2009, Officer
23 Landeros observed a black female and black male go from Room 217
24 to Room 220 without knocking and using a keycard.  RT 12/11/2009:
25 140. This information was relayed to Officer Beall and
26 incorporated into his affidavit in support of the search warrant.
27 RT 12/11/2009: 140.
28

**Defendant's Argument No. 3**

Both the undercover surveillance video and the recording of the police radio confirm Officer Beall's declaration.  While Officer Beall and White were enroute to obtain the search warrant, Officer Landeros related over the police radio that defendant threw the rock at the black female and that she was on the ground looking for it,

> Officer Landeros:  You know what's funny, Behemoth lost her rock - she can't find. She's looking for it on the northside on the ground.
>
> Officer White:  Was she, she went and bought her a dime?
>
> Officer Landeros:  Yeah, he threw it at her and she can't find it. She's all looking for it.

Transcript of Channel 7 Recordings (Document No. 53-2), pp. 9-10; see also, Transcript of Surveillance Video (Document No. 49-2), p. 12.  Moreover, defendant again attempts to inject confusion into the Franks hearing by taking Officer Beall's comment about the crack being thrown entirely out of context.  Even under defendant's version of facts, Officer Beall's affidavit never referenced anything about defendant or anyone throwing the drugs at undercover officer Tony White.  Rather than revealing any sinister intent, as defendant would like the Court to believe, the comment was clearly a passing reference to Officer Landero's observation.

**Defendant's Argument No. 4**

The wrought iron fence is not opaque.  RT 12/11/2009: 28,

3

31-32, 172; see also, Defendant's Exhibits in Support of Motion to Suppress, Nos. 114, 118

## II. CONCLUSION

For the reasons and facts set forth above, the United States respectfully submits that the Court should deny defendant's motion to suppress.

Dated: November 2, 2010              Respectfully submitted,

                                                ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office

                                                       /s/
JERRY C. YANG
JENNIFER L. WILLIAMS
Assistant United States Attorney
Attorneys for Plaintiff
United States of America