LARRY M. BAKMAN
1901 Avenue of the Stars
Suite 200
Los Angeles, California 90067
(310) 772-2233
State Bar #088964

Attorney for: Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT   OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          Plaintiff,<br><br>     vs.<br><br>CALVIN COLBERT,<br><br>          Defendant | CASE NO:  CR 09-301-GW<br><br>MOTION IN LIMINE TO EXCLUDE GOVERNMENT EVIDENCE<br><br>DATE:  November 8, 2010<br>TIME:  1:30 p.m.<br>CTRM:  Honorable George H. Wu |

Defendant, Calvin Colbert hereby moves in limine to exclude evidence of the following if offered during the government's case in chief:

1. Any and all evidence concerning local law enforcement observations occurring on March 9th and March 10, 2009 as relates to the instant case on the grounds that said evidence is neither relevant and/or if considered by the Court to relevant, is outweighed by the prejudicial impact and is therefore excludable pursuant to Federal Rules of Evidence 403. Further, should the court determine that said evidence is admissible pursuant to Federal Rules of Evidence 404(b) said evidence should be admissible only for impeachment purposes and inadmissible during the government's case in chief;

2.  Any and all evidence that the Ruger 22 caliber handgun found in room 220 of the Economy Inn was in fact stolen on the grounds that said evidence is neither relevant and/or if considered by the Court to relevant, is outweighed by the prejudicial impact and is therefore excludable pursuant to Federal Rules of Evidence 403.

3.  Any and all evidence proffered by the government through Sergeant Travis Walker as to 1) the use of hotel and motel rooms for narcotic distribution by others; 2)the distribution of Crack Cocaine in downtown San Bernardino; 3)the general downtown San Bernardino area; 4)the assistance of motel managers in downtown San Bernardino to assist dealers in narcotic transactions; 4) the proffer that many out of town drug dealers will come into San Bernardino to sell drugs; 5) the proffer that such out of town dealers have to be especially cautious about retaliation or robbery from local gangs while selling drugs in San Bernardino and the conclusion that such caution will cause a dealer to be armed. Defendant's objections is that the proffered evidence described herein is neither relevant and/or if considered by the Court to relevant, is outweighed by the prejudicial impact and is therefore excludable pursuant to Federal Rules of Evidence 403.

4.  Any and all evidence proffered by the government through Specialist Fred Roberts that various explanations exist for the inability of the government to retrieve a latent print from the weapon recovered in Room 220 of the Economy Inn. The government cannot proffer that any underlying circumstance exists, such as heat, oils, improper handling or specific finishes were present with regards to the weapon in question so as to cause an inability to obtain a latent print from the surface of the weapon. Absent such a preliminary showing, the government should not be allowed to introduce various excuses that have no nexus to this weapon, such that the trier of fact is thereby mislead as to why defendant's print or prints were not found on the

Ruger .22 recovered in the instant case. Nor should the government be allowed to present testimony that Mr. Robert's has successfully lifted fingerprints off of firearms approximately 10 times when examining some 1,000 to 1,500 firearms. Absent production of discovery to the defense as to the firearms examinations actually conducted, defendant has in fact been denied his constitutional right to the effective assistance of counsel and his right to effective cross-examination. Further, said evidence is neither relevant and/or if considered by the Court to relevant, is outweighed by the prejudicial impact and is therefore excludable pursuant to Federal Rules of Evidence 403.

Dated: November 7, 2010

Respectfully submitted,

//S//

_____
LARRY M. BAKMAN