1 | ANDRÉ BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
SHERI PYM
4 | Assistant United States Attorney
Chief, Riverside Branch Office
5 | JERRY C. YANG/JENNIFER L. WILLIAMS
Assistant United States Attorneys
6 | California Bar Number 241323/268782
    3880 Lemon Street / 312 North Spring Street
7 |    Riverside, California 92501 / Los Angeles, California 90012
    Telephone:  (951) 276-6221 / (213) 894-5862
8 |    Facsimile:  (951) 276-6202 / (213) 894-0142
    E-mail: jerry.yang@usdoj.gov / jennifer.williams6@usdoj.gov
9 |
Attorneys for UNITED STATES OF AMERICA
10 |

11 |                    UNITED STATES DISTRICT COURT

12 |              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 |
UNITED STATES OF AMERICA,     ) CR No. 09-901-GW
14 |                              )
              Plaintiff,       ) GOVERNMENT'S OBJECTIONS TO
15 |                              ) DEFENDANT'S PROPOSED JURY
              v.               ) INSTRUCTION ON MERE PRESENCE
16 |                              )
CALVIN CHARLES COLBERT, JR.,  ) Trial
17 |                              ) Date: November 16, 2009
              Defendant.       ) Time: 9:00 a.m.
18 |                              )
                              )
19 |                              )
                              )
20 |

21 |      Plaintiff United States of America, by and through its

22 | counsel of record, the United States Attorney for the Central

23 | ///

24 |

25 |

26 |

27 |

28 |

District of California, hereby submits the attached Objections to

Defendant's Proposed Jury Instruction on Mere Presence.

Dated: November 8, 2010          Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney

                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 SHERI PYM
                                 Assistant United States Attorney
                                 Chief, Riverside Branch Office


                                 _____/s/_____
                                 JERRY C. YANG
                                 JENNIFER L. WILLIAMS
                                 Assistant United States Attorney
                                 Attorneys for Plaintiff
                                 United States of America

2

**OBJECTIONS**

If "the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary."  United States v. Chambers, 918 F.2d 1455, 1460 (9th Cir. 1990) (In a possession with intent to distribute cocaine case, trial court properly denied a mere presence instruction where defendant drove a vehicle "in a lengthy, reckless high-speed chase in an attempt to get away" and "[t]his conduct assisted his passenger in getting rid of the cocaine." Compare with, United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir. Wash. 1992) (Mere presence instruction proper where government's case rested primarily on defendant's presence. "Defendant accompanied Medina to the parking lot meeting and was in the house, but not in the bedroom, during the attempted sale. Little more links him to the attempted sale.  His activity in the parking lot was described by agents as countersurveillance and he passed a knife into the bedroom when requested to do so by Medina.  These factors were important, but the key evidence remained his presence at the initial meeting and in Medina's house.").  See also, United States v. Gooch, 506 F.3d 1156, 1160 (9th Cir. 2007); Ninth Circuit Model Jury Instructions, No. 6.10 (2010 ed.) (citing Gooch, 506 F.3d at 1160 and United States v. Govan, 152 F.3d 1088, 1093 (9th Cir.1998).

A "mere presence" jury instruction is not appropriate here because the government's case is based much more than just on defendant's presence in Room 220 of the Economy Inn.  Defendant was on the motel landing negotiating a crack cocaine transaction

1

1  with the female in the tracksuit.  He directly rejected Officer

2  Tony White- only to shortly thereafter, send a woman in a brown

3  jacket to sell crack cocaine to Officer White for a pre-recorded

4  $20 bill.  When the search warrant was executed two hours later,

5  defendant was found inside the room in the middle of counting

6  money.  This money included the pre-recorded $20 bill, as well as

7  a $10 pre-recorded bill that Officer White gave to the woman in

8  the tracksuit (which Officer Ricardo Landeros subsequently

9  observed throwing something to the man on the landing, i.e.

10 defendant).  Moreover, the government's proposed instructions

11 already require the government to prove that defendant

12 "possess[ed] with intent to deliver or transfer possession of

13 cocaine base in the form of crack cocaine to another person."

14 Government's Proposed Jury Instruction No. 29.  Defendant's mere

15 presence would not be sufficient to satisfy this requirement.  As

16 such, a mere presence instruction is unnecessary and repetitive.

17 Dated: November 18, 2010.      Respectfully submitted,

18                               ANDRÉ BIROTTE JR.
                                 United States Attorney

19                               ROBERT E. DUGDALE
20                               Assistant United States Attorney
                                 Chief, Criminal Division

21                               SHERI PYM
22                               Assistant United States Attorney
                                 Chief, Riverside Branch Office

23

24                               _____/s/_____
                                 JERRY C. YANG
25                               JENNIFER L. WILLIAMS
                                 Assistant United States Attorney
26                               Attorneys for Plaintiff
                                 United States of America

27

28
                                    2