ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANTOINE F. RAPHAEL
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY C. YANG/JENNIFER L. WILLIAMS
Assistant United States Attorneys
California Bar Number 241323/268782
    3880 Lemon Street / 312 North Spring Street
    Riverside, California 92501 / Los Angeles, California 90012
    Telephone: (951) 276-6221 / (213) 894-5862
    Facsimile: (951) 276-6202 / (213) 894-0142
    E-mail: jerry.yang@usdoj.gov / jennifer.williams6@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALVIN CHARLES COLBERT, JR.,<br><br>    Defendant. | CR No. 09-901-GW<br><br>GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT CALVIN CHARLES COLBERT, JR.'S MOTION FOR NEW TRIAL<br><br>Hearing<br>Date: March 12, 2012<br>Time: 8:00 a.m. |

Plaintiff United States of America, by and through its

counsel of record, the United States Attorney for the Central

///

District of California, hereby submits the government's Supplement Opposition to Defendant Calvin Charles Colbert Jr.'s Motion for New Trial.

Dated: February 29, 2012          Respectfully submitted,

                                  ANDRÉ BIROTTE JR.
                                  United States Attorney

                                  ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  ANTOINE F. RAPHAEL
                                  Assistant United States Attorney
                                  Chief, Riverside Branch Office


                                  _____/s/_____
                                  JERRY C. YANG
                                  JENNIFER L. WILLIAMS
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On January 30, 2012, defendant Calvin Charles Colbert, Jr. filed a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33(a) ("Motion") raising three arguments: 1) defendant was improperly precluded from calling SBPD Officer Gerald Beall to testify; 2) the Court improperly denied defendant's request to relieve his attorney; and 3) the Court improperly denied defendant's requested jury instructions.

In order for the government to be able to respond to defendant's argument regarding substitution of counsel, defendant also filed an ex parte application for an order unsealing the transcripts of the sealed hearings on November 8 and 19, 2010, in which defendant attempted to relieve counsel. On February 6, 2012, the Court granted this request and directed the court reporter to begin preparing transcripts of the hearings. The government filed its opposition on February 13, 2012, but respectfully asked for leave to file a brief supplemental opposition addressing only the substitution of counsel argument once the transcripts were available. The court reporter attempted to lodge the unsealed transcript on February 17, 2012, but despite the clerk's diligent attempts to unseal the transcript, it remained sealed on the docket from the government. The government eventually obtained a copy of the transcript from defense counsel on February 28, 2012.

The Court properly denied defendant's request for new counsel because: 1) as more fully set forth in the government's opposition, defendant made his request in the middle of trial--

after the Court had already granted one similar request from him on the eve of trial almost one year earlier; 2) the Court conducted a thorough inquiry of the basis of defendant's desire to substitute counsel; and 3) the asserted conflict was almost entirely over trial strategy and did not result in a complete breakdown and communication that resulted in an inability to present a defense.

Accordingly, defendant's motion should be denied.

### III. ARGUMENT

    1.   <u>The Court Properly Declined To Grant Defendant's Request to Substitute Counsel</u>

Review of a denial of a substitution motion involves consideration of three factors: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry; and (3) "whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." <u>United States v. Lindsey</u>, 634 F.3d 541, 554 (9th Cir. 2011)(quoting <u>United States v. Prime</u>, 431 F.3d 1147, 1154 (9th Cir. 2005)).

    A.   <u>The motion was untimely</u>

As set forth in the government's previously-filed opposition to defendant's motion for new trial, the court properly denied defendant's motion for new counsel, which he made on the fourth day of trial after the government rested its case. Indeed, Larry Bakman was defendant's counsel only because the Court had already generously granted defendant a substitution of counsel one year earlier, on the day before trial was scheduled to commence. Minutes, docket nos. 69-70.

2. <u>The District Court's Inquiry Provided a Sufficient Basis for Making an Informed Decision</u>

Before exercising its discretion in deciding a motion for new appointed counsel, the district court must conduct an inquiry that will provide the court "a sufficient basis for reaching an informed decision" and "might ease the defendant's dissatisfaction, distrust, and concern." <u>United States v. Reyes-Bosque</u>, 596 F.3d 1017, 1033 (9th Cir.) (internal quotations and citations omitted), <u>cert. denied</u>, 131 S. Ct. 898 (2011). The Ninth Circuit, however, has acknowledged the need to "accord the district court sufficient latitude to conduct the proper inquiry under the circumstances of each case." <u>United States v. D'Amore</u>, 56 F.3d 1202, 1205 (9th Cir. 1995), <u>overruled on other grounds by United States v. Garrett</u>, 179 F.3d 1143 (9th Cir. 1999) (quoting <u>United States v. Walker</u>, 915 F.2d 480, 483 (9th Cir. 1990)). In keeping with the wide latitude accorded a district court, the Ninth Circuit has upheld the denial of a request for substitution even absent any inquiry. <u>United States v. Smith</u>, 282 F.3d 758, 764 (9th Cir. 2002). In <u>Smith</u>, no hearing was required before denying the defendant's request to substitute counsel because the court had already entertained two previous substitution motions alleging lack of communication and was therefore thoroughly familiar with the defendant's arguments. <u>Id.</u> at 765.

Here, the court inquired into the nature of the conflict between defendant and his counsel and allowed both of them to discuss, over the course of at least two sealed hearings, the reasons why defendant wished to be represented by new counsel. It quickly became clear, particularly after observing defendant

3

and his counsel and learning that they were communicating, that defendant's frustration stemmed not from lack of communication with defense counsel, but from defense counsel's trial strategy of not calling all of the witnesses (the two female runners used by defendant to transport the money and drugs and defendant himself) that defendant believed should testify.  See e.g., 11/19/2010 RT: 544, 547-48, 549, 553-54.  Defendant's disagreement with his counsel over trial strategy, e.g. who to call to testify, however, is not a viable basis to require a substitution of counsel.  Reyes-Bosque, 596 F.3d at 1034 ("'[l]itigation tactics are decisions generally left to defense counsel,' and, without more, may not provide a sufficient basis for establishing conflict.") (citing Smith, 282 F.3d at 763.)  Indeed, defendant did eventually testify in his own defense.  As such, the Court conducted a thorough inquiry to determine the basis of defendant's complaint, and upon recognizing the lack of merit of his complaint, properly denied his request.

       3.   <u>There Was No Irreconcilable Conflict Between Defendant and His Counsel</u>

To justify a substitution, "a defendant must show . . . an 'extensive, irreconcilable conflict' between himself and his appointed counsel."  Mendez-Sanchez, 563 F.3d at 943 (quoting United States v. Smith, 282 F.3d 758, 763 (9th Cir. 2002)).  This conflict must have led to "a significant breakdown in communication that substantially interfered with the attorney-client relationship."  Adelzo-Gonzalez, 268 F.3d at 779 (significant conflict where defense counsel threatened to "sink" the defendant for 105 years if he did not plead guilty, used bad

4

1 language with the defendant, and opposed the defendant's motions
2 for substitution of counsel, calling the defendant a liar and
3 suggesting to the court that he had been coached); see also
4 Moore, 159 F.3d at 1160 (significant conflict where the defendant
5 threatened to sue his attorney and physically threatened him,
6 resulting in a complete inability to communicate).

7     Here, the nature of the conflict between defendant and his
8 counsel centered around the fact that defendant wanted to testify
9 himself and wanted the two female accomplices to testify.  See
10 e.g., 11/19/2010 RT: 544, 547-48, 549, 553-54.  There was no
11 evidence that any conflict was "so extensive that it prevented
12 [defendant] from communicating with [his counsel]."
13 Reyes-Bosque, 596 F.3d at 1034.  Defendant himself eventually did
14 testify (over his counsel's advice).  Defendant's disagreement
15 with defense counsel over whether to call the two females to
16 testify is not a valid basis to justify a substitution of
17 counsel.  Reyes-Bosque, 596 F.3d at 1034; Smith, 282 F.3d at 763;
18 see also, United States v. Corona-Garcia, 210 F.3d 973, 977 (9th
19 Cir. 2000) ("Even if we were to conclude that the conflict with
20 respect to trial tactics was severe, however, we would still be
21 disinclined to reverse on that ground because trial tactics are
22 clearly within the realm of powers committed to the discretion of
23 defense counsel in any event.").

24     Defendant's claim that defense counsel believed that
25 defendant would be an "idiot if [defendant] was to get on the
26 stand and testify" (emphasis added), certainly does not rise to
27 the level of the defense attorney's conduct in Adelzo-Gonzalez,
28 where defense counsel threatened to "sink" the defendant for 105

5

years if he did not plead guilty, used bad language with the defendant, and opposed the defendant's motions for substitution of counsel, calling the defendant a liar and suggesting to the court that he had been coached. 268 F.3d at 779.

If anything, as ferreted out by the inquiries conducted by the Court, it appeared that defendant and his counsel were in fact discussing litigation strategies and the defense strategy. Defendant's issue was with defendant's trial strategy –- not with any breakdown in communication. Such a relationship did not warrant a substitution of counsel in the middle of trial.

## IV. CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny defendant's motion for a new trial.

Dated: February 29, 2012    Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

ANTOINE F. RAPHAEL
Assistant United States Attorney
Chief, Riverside Branch Office

             /s/
JERRY C. YANG
JENNIFER L. WILLIAMS
Assistant United States Attorney

Attorneys for Plaintiff
United States of America