LARRY M. BAKMAN, SBN #88964
Attorney At Law
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone:  (310) 461-1555
Facsimile:  (310) 461-1556
Email:  lbakman@lbakmanlaw.com

Attorney for defendant, Calvin Colbert

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                              Plaintiff,<br><br>        vs.<br><br>CALVIN COLBERT<br><br>                              Defendant | CASE NO:  CR-09-301-GW<br><br>DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCING<br><br>April 9, 2012<br>8:00 a.m.<br>Honorable George H. Wu |

DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCING

        Defendant, Calvin Colbert, by and through his attorney of record, Larry M. Bakman, hereby submits his sentencing position papers asking the Court to sentence defendant as follows:

        1.  That the Count sentence defendant to a term of sixty months on Count 1 of the indictment to be followed by a consecutive term of sixty months on Count 2 as required by law.

        2.  That the Court reject Probation's recommendation for a 78 month sentence as to Count 1 and the government's recommendation of 87 months as to Count 1 for the reasons set forth herein;

-1-

The Sentence.

**1. Guideline Analysis:**

Defense counsel does not object to the guideline calculation as determined by United States Probation, but does object to probation's recommendation for a mid-level sentence as opposed to a low end sentence.

Additionally, defendant objects to the guideline calculation suggested by the government in that defendant does not believe, as does probation, that the government has met its burden to establish that the defendant committed perjury so as to sustain a two level enhancement for obstruction of justice.

Defendant would argue that his recollection of the events was far different than that of law enforcement, and that any testimony provided was not intentionally false. Nonetheless, should the Court disagree, defendant would argue that pursuant to a Booker analysis, as more fully set forth below, the Court's sentence in this matter should total 120 months, thereby vitiating both the government's request and probation's request for a sentence higher than the mandatory minimum on Count 1.

**B. Criminal History Calculation:**

United States probation found defendant to have four criminal history points resulting in a Criminal History category three relying upon two prior juvenile offenses. **Probation errs in using the September 2003 conviction and assessing two criminal history points:**

Application Note 3 to United States Sentencing Guideline 4A1.1. states as follows:

> *"An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if imposed within five years of the defendant's commencement of the current offense."*

The defendant's prior juvenile conviction occurred on September 16, 2003. The current offence commenced on March 27, 2009 with the filing of the indictment in this matter. Hence more than five years elapsed between conviction and commencement of the current offense such that the juvenile conviction cannot be used in calculating defendant's criminal history.

As such, United States Probation miscalculates defendant's criminal history as a category three, by including two criminal history points for a conviction that occurred more than five years prior to the commencement of the instant offense.

As such, defendant's applicable guideline range assuming a guideline level of 24 and a criminal history category two is 57-71 months. Defendant would request that the Court therefore sentence defendant to the mandatory minimum of sixty months as it falls squarely within the guideline calculation expressed herein.

### ***Sentencing Post-Booker***

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines.  United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guideline's mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, mak[ing] the Guidelines effectively advisory. Id. at 757. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a). Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph 2. Those purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the *minimally sufficient* sentence, § 3553(a) further directs sentencing courts to consider the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1));

2) the kinds of sentences available (§ 3553(a)(3));

3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6)); and

4) the need to provide restitution to any victims of the offense (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added). Under 18 U.S.C. §3661, *no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. §5H1. See also United States v. Nellum, 2005 WL 300073, 2005 (N.D. Ind.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, 2005 WL 525409 (W.D. Va.)(concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses  as he was 17   and noting that in Roper v.

Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and §3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore. As one district court judge has observed:

> The guidelines are not binding, and courts *need not justify a sentence outside of them by citing factors that take the case outside the "heartland."* Rather, courts are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, *so long as that the ultimate sentence is reasonable and carefully supported by reasons tied to the § 3553(a) factors.* Sentencing will be harder now than it was a few months ago. District courts cannot just add up figures and pick a number within a narrow range. Rather, they must consider all of the applicable factors, listen carefully to defense and government counsel, and sentence the person before them *as an individual.* Booker *is not* an invitation to do business as usual.

United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. 2005.)

In sum, in every case, a sentencing court must now consider all of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in

-6-

§3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989.)

**_Defendant's Unique Factors:_**

Defense counsel recognizes as does probation, that defendant although extremely young, some 24 years of age, does not have a "stellar" record when asking this court for some deference in terms of sentencing.

However, as stated, defendant is truly young and both convictions discussed by both probation and the government stem from the juvenile justice system. Defendant's prior custodial commitment was confined to the California Youth Authority as a result of the above-stated juvenile convictions. For the first time, defendant is now realizing a lengthy sentence in an adult system such that defense counsel is hopeful that the Court considers that a ten year sentence as requested will in effect more than double the time previously served by Mr. Colbert giving him ample time to reflect upon his life and his decisions.

_**Given the 3553 factors enunciated above, a sentence of one hundred twenty months, some ten years, would certainly "wake" the defendant up and serve as sufficient deterrence to any future appearances within the criminal justice system by this individual. Such a sentence would meet the requirements of 3553 by:**_

1. Reflecting the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

2. Affording an adequate deterrence to criminal conduct;

3. Protecting the public from further crimes of the defendant; and

4. Provide to the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner.

In this case the difference between 120 months as opposed to probation's request of 138 months and the government's request of 147 months is meaningless when considering Colbert's age. Ten years must probably feels like a life sentence to someone who is only 24. Accordingly, the same impact is made upon a 24 year old whether the sentence imposed is ten years or eleven or twelve. Bottom line is they will all have the same effect thereby meeting the goals of 3553.

For this reason, defense counsel would urge the Court to sentence defendant to a "Booker" analysis giving him the mandatory minimum sentence as required by Count 1 and the five year consecutive sentence required by Count 2 resulting in a total sentence of 120 months. A 120-month sentence in this case would constitute a sufficient, but not greater than necessary sentence designed to meet all of the sentencing goals described in 3553.

Lastly, because defendant was not interviewed by probation, defense counsel would request that the Court suspend any fine given defendant does not have the ability to pay. Should the court have any doubt, defense counsel would request that probation be directed to interview the defendant and provide a supplemental report.

Further, defendant requests that the Court recommend the BOP 500 hour drug program. Again, should the Court have any doubt as to the applicability of the program to the defendant, defense counsel would request that probation be directed to interview the defendant and provide a supplemental report on the issue.

**C.  Conclusion:**

1

2

*For all of the abovementioned reasons, defendant would request that this Court sentence him to the mandatory minimum of 60 months on Count 1 and the mandatory consecutive sentence of 60 months on Count 2, for a total of 120 months.*

Dated: April 2, 2012                                        Respectfully submitted,

_____

LARRY M. BAKMAN