LARRY M. BAKMAN, SBN #88964
Attorney At Law
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: (310) 461-1555
Facsimile: (310) 461-1556
Email: lbakman@lbakmanlaw.com

Attorney for defendant, Calvin Colbert

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>  vs.<br><br>CALVIN COLBERT<br><br>    Defendant | CASE NO: CR-09-301-GW<br><br>DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SENTENCING<br><br>April 9, 2012<br>8:00 a.m.<br>Honorable George H. Wu |

<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCING</u>

   Defendant, Calvin Colbert, by and through his attorney of record, Larry M. Bakman, hereby submits this supplemental memorandum in support of defendant's request for sentencing;

   1. That the Count sentence defendant to a term of twenty four months on Count 1 of the indictment to be followed by a consecutive term of sixty months on Count 2 as required by law.

   2. That the Court find that the Fair Sentencing Act is applicable to the instant case, and that the five year mandatory minimum in not triggered as a result of the drug quantity involved;

-1-

3. That the government's position in this matter premised upon email communication received this week is that the Fair Sentencing Act applies and that the mandatory five year minimum sentence should not be imposed.

3. **That the seven years now requested** rather than the 120 months stated in defendant's original sentencing position papers, effectively "doubles" any prior custodial commitment served by the defendant thus insuring that the goals of 3553 are met and that the sentence **is sufficient but not greater than necessary** to achieve such goals.

As stated previously, defendant has only spent time in the California Youth Authority prior to his arrest in the instant case. A seven-year sentence is a lengthy sentence for defendant's sale of 21 grams of crack cocaine, with or without regard to his prior criminal history and the possession of the .22 firearm.

This Court cannot ignore the fact that this 21 gram case, had it been prosecuted in state court, would almost certainly have resulted in a sentence of less than seven years. Further, defense counsel requests that the Court take a close look at this issue asking itself the question why this case went federal given the sales was local to San Bernardino, involved street level minor quantities, sold out of a motel room without gang affiliation. One has to wonder why the United States Attorney's Office became involved in this matter rather than leaving it with local law enforcement to prosecute.

For the reasons expressed herein, defense counsel would request that the Court impose a custodial term of seven years or at minimum, a sentence less than 10 years given the mandatory minimum does not apply as to Count 1.

Dated: April 4, 2012                                         Respectfully submitted,


_____
LARRY M. BAKMAN